UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00191-FDW

| | |
|---|---|
| SOLOMON D. NORWOOD, a/k/a ABDULLAH RAHEEM, ) ) ) Plaintiff, ) ) vs. ) ) ) FNU HUFFMAN, et al., ) ) Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration [Doc. 10], which the Court construes as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

On July 16, 2024, Plaintiff Solomon D. Norwood ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) "Burke County Sheriff's Department Detention Center-Jail;" (2) Captain FNU Huffman; (3) Sergeant FNU Lail; (4) Sergeant FNU Beaver; (5) Deputy Corporal Robins; (6) "Deputy/Jailer" FNU Bass; (7) John/Jane Doe, Burke County Sheriff; (8) and "Deputy/Jailer" FNU Chatham. [Doc. 1 at 2-3, 14-15]. Plaintiff purported to sue all Defendants in their individual and official capacities. [See id.]. On initial review, the Court summarized Plaintiff's factual allegations, which centered on alleged restrictions on the practice of Islam and the endorsement of the practice of Christianity at the Burke County Jail, where Plaintiff was detained from June 2022 to April 2023. [Doc. 5 at 1-3; see Doc. 1 at 13, 16-18]. The Court found that Plaintiff's First Amendment free exercise claim against Defendants Robins and Huffman and Plaintiff's First Amendment Establishment Clause claim against

Defendants Lail and Beaver passed initial review as not clearly frivolous. The Court dismissed Plaintiff's remaining claims, including his official capacity claims, and the remaining Defendants for Plaintiff's failure to state a claim for relief. [Id. at 9]. The Court ordered that blank summonses be sent to Plaintiff for him to fill out and identify Defendants Huffman, Lail, Beaver, and Robins, and for Plaintiff to return them to Court for the U.S. Marshal to effectuate service on these Defendants for the Plaintiff. [Id. at 10]. Plaintiff returned the completed summonses, which have been issued to the U.S. Marshal for service. [Docs. 8, 9].

Now pending is Plaintiff's motion to alter or amend judgment under Rule 59(e). [Doc. 10]. In his motion, Plaintiff purports "to address what was in fact NOT cleared and/or misunderstood by [the Court]." [Id. at 3]. Plaintiff then proceeds, page-by-page of the Court's initial review Order, to correct the Court's alleged misunderstanding of his allegations and/or to further illuminate his previously vague or incomplete allegations. [See id. at 13]. For relief, Plaintiff asks the Court *inter alia* to accept the "full detailed incident(s) of each [Defendant's] action(s)" as set out in his motion. [Id. at 14].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that

2

"[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, Plaintiff simply restates and recasts some of the allegations from his Complaint, some perhaps more clearly, and adds allegations and elaboration to recapture the dismissed Defendants. The Court will, therefore, deny Plaintiff's motion. Nothing herein, however, prevents Plaintiff from properly amending or seeking leave to amend his Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 10] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 1, 2024

Frank D. Whitney
United States District Judge