# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:24-cv-00191-FDW

| | |
|---|---|
| SOLOMON D. NORWOOD, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU HUFFMAN, et al., ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's pending motion [Doc. 13], which the Court will construe as a renewed motion for appointment of counsel.

Pro se Plaintiff Solomon D. Norwood ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Tabor Correctional Facility in Tabor City, North Carolina. He filed this lawsuit pursuant to 42 U.S.C. § 1983 on or about July 16, 2024. [Doc. 1]. Plaintiff's First Amendment free exercise claim against Defendants Robins and Huffman and his First Amendment Establishment Clause against Defendants Lail and Beaver survived initial review. [Doc. 6]. Plaintiff's remaining claims and the remaining Defendants were dismissed. [Id.]. Summonses have been issued electronically to the U.S. Marshal for service on Defendants. [Doc. 9]. The docket does not yet show whether service has been effected. Recently, the Court denied Plaintiff's motion for appointment of counsel [Doc. 7] for Plaintiff's failure to show adequate grounds therefore and Plaintiff's motion for an extension of time [Doc. 6] for Plaintiff's failure to state what deadline he wanted extended. [Doc. 11]. The Court also denied Plaintiff's motion to reconsider [Doc. 10] its initial review Order but advised Plaintiff that "[n]othing herein … prevents Plaintiff from properly amending or seeking leave to amend his Complaint pursuant to Rule 15(a)

of the Federal Rules of Civil Procedure." [Doc. 12 at 3].

Now pending is Plaintiff's renewed motion for appointment of counsel.[1] [Doc. 13]. As grounds for appointment of counsel, Plaintiff states that he has "<u>NO</u> education," lacks "judicial experience," and will be at a disadvantage once Defendants are counseled. [<u>Id.</u> at 3-4]. Plaintiff also states that he is undergoing cognitive behavioral therapy and that he suffers from and receives treatment and medication for depression, anxiety, post-traumatic stress disorder (PTSD), insomnia, and suicidal ideation "to maintain a stable[ ] life and/or behavior(s)." [<u>Id.</u> at 5]. Plaintiff claims that he "does <u>NOT</u> have the mental capacities or the moral patience to continue with these claims on His own[.]" [<u>Id.</u> at 7]. Plaintiff also argues that assistance from incarcerated "law clerks" is available, but only after denial of representation by an organization that assists indigent prisoners, such as North Carolina Prisoner Legal Services (NCPLS) or the ACLU. Plaintiff further states that he or the law clerk may be transferred at any time. [<u>Id.</u> at 3]. Plaintiff attached to his motion a letter from the ACLU of North Carolina denying him assistance with his case and providing him other avenues of assistance to explore. [Doc. 13-1 at 3].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160,

---

[1] It appears Plaintiff also asks for leave to file an amended Complaint in this matter, presumably to recapture the previously dismissed claims. [<u>See id.</u> at 6]. Because Defendants have not answered or otherwise responded to Plaintiff's Complaint, leave of Court is not required to file an amended Complaint. Fed. R. Civ. P. 15(a)(1). If, however, Defendants answer Plaintiff's Complaint in the meantime, Plaintiff may file a motion to amend his Complaint. In either case, Plaintiff must file a complete Amended Complaint stating all the claims he seeks to assert in this action against all the Defendants he wants to sue because the original Complaint would be superseded. <u>See</u> Fed. R. Civ. P. 15(a)(2).

163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

Here, the Court again finds that Plaintiff has not adequately shown nor does the record in this matter support extraordinary circumstances warranting appointment of counsel. That is, Plaintiff's claims are not complex, and the record does not support that Plaintiff is without the capacity to present them. While Plaintiff alleges suffering from anxiety, depression, and PTSD, he also alleges that he receives treatment and medication for these conditions to "maintain a stable life." Moreover, Plaintiff's mental health status, as alleged and as evinced from the record, does not appear to negate his capacity to present his claims. [See Docs. 1, 6-8, 10]. Additionally, lack of legal knowledge is not an exceptional circumstance.[2] The Court, therefore, will deny the Plaintiff's renewed motion for appointment of counsel.

As Plaintiff was previously advised, if this matter proceeds to trial, the Court may appoint counsel for Plaintiff through the Prisoner Assistance Program (PAP). [Misc. Case No. 3:19-mc-00013-MR, Docs. 2, 5].

---

[2] The Court notes that Plaintiff claims he only has access to a "law clerk" if he receives a denial letter from a prisoner indigent legal services organization. Plaintiff, however, provided such a letter with his motion.

3

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 13] is **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: November 4, 2024

Frank D. Whitney
United States District Judge