# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:24-cv-00191-FDW

| | |
|---|---|
| SOLOMON D. NORWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU HUFFMAN, et al., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion For An 'Extension of Time'" [Doc. 22] and Plaintiff's "Motion For Special Assistance" [Doc. 20].

Pro se Plaintiff Solomon D. Norwood ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Tabor Correctional Facility in Tabor City, North Carolina. He filed this lawsuit pursuant to 42 U.S.C. § 1983 on July 16, 2024. [Doc. 1]. Plaintiff's First Amendment free exercise claim against Defendants Robins and Huffman and his First Amendment Establishment Clause against Defendants Lail and Beaver survived initial review. [Doc. 6]. Plaintiff's remaining claims and the remaining Defendants were dismissed. [Id.]. On September 24, 2024, the Court denied Plaintiff's motion for an extension of time [Doc. 6] for Plaintiff's failure to state what deadline he wanted extended. [Doc. 11]. Defendants have answered Plaintiff's Complaint [Doc. 16] and, on November 7, 2024, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), which among other things set the discovery deadline in this matter as March 7, 2025. [Doc. 18]. On December 6, 2024, the Court denied Plaintiff's motion for an extension of time for his failure to seek an extension of a particular deadline. [12/6/2024 Text Order]. The Court advised Plaintiff that if he needs an extension of a particular upcoming deadline,

he may so move, but that the Court would not grant a blanket extension. [Id.]. Plaintiff has since filed what purports to be a response to Defendants' Answer to his Complaint. [Doc. 21].

Now pending is yet another motion for extension of time by Plaintiff. [Doc. 22]. In his motion, he asks for a 30-day extension "to properly answer and incorporate the correct document(s) for discovery, interrogatories, witness(es) and etc." [Id. at 3]. Plaintiff states he "is currently gathering instruction(s), rule(s), policies, policies and/or provision(s) to help aide and/or assist Him within such matters[.]" [Id. at 3]. The Court will again deny Plaintiff's motion. Plaintiff has again failed to particularize the deadline he wants extended. To the extent his motion relates to the discovery deadline, it does not expire until March 7. Plaintiff has failed to state adequate grounds at this stage for an extension of that deadline. **Plaintiff is admonished that any future requests for an extension of time not related to a particular deadline may be summarily denied.**

Also before the Court is Plaintiff's "Motion for Special Assistance," in which he asks the Court to allow him to choose his "special assistant" as contemplated by the Holy Qur'an in the form of a "jailhouse lawyer." [Doc. 20]. Plaintiff also asks the Court to "update ALL major incident(s)[,] rulings, orders etc to be revealed on WestLaw, NexusLexis; so that His 'special assistant' would be notified and ready to answer the [*illegible*] documents." [Id. at 7-8]. The Court will deny Plaintiff's motion. This Court has no authority over NCDAC jailhouse lawyer policies and procedures. Moreover, as non-lawyers, "jailhouse lawyers" cannot be added as counsel of record to the docket in this matter such that they would receive notice of any filings therein. To the extent Plaintiff has the benefit of the assistance of a jailhouse lawyer, Plaintiff will simply need to enlist his assistance as needed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion For An 'Extension of Time' [Doc. 22] and Plaintiff's Motion For Special Assistance [Doc. 20] are **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 13, 2025

Frank D. Whitney
Senior United States District Judge